## UNITED STATES DISTRICT COURT
## SOUTHERN DISTRICT OF OHIO
## WESTERN DIVISION

| | | |
|---|---|---|
| TRUSTEES OF THE 4TH DISTRICT IBEW HEALTH FUND, *et al.*, | : | Case No. 1:21-cv-309 |
| | : | |
| | : | Judge Timothy S. Black |
| Plaintiffs, | : | |
| | : | |
| vs. | : | |
| | : | |
| THE EARLY CONSTRUCTION CO., | : | |
| | : | |
| Defendant. | : | |

## ORDER GRANTING PLAINTIFFS'
## MOTION FOR DEFAULT JUDGMENT (Doc. 14)

This case is before the Court on Plaintiffs Trustees of the 4th District IBEW

Health Fund, Trustees of the IBEW Local 317 Pension Fund, and Trustees of the IBEW

Local 317 Vacation Fund's (collectively, the "Funds") motion for default judgment.

(Doc. 14). Defendant did not respond.

## I.     BACKGROUND

The Funds filed the Complaint on May 5, 2021 against The Early Construction

Co. ("Early Construction"). (Doc. 1). Early Construction was served with a copy of the

summons and Complaint on May 12, 2021, and the summons was returned as executed

on May 14, 2021. (Doc. 6). Early Construction was required to serve an answer or

otherwise respond to the Complaint no later than June 2, 2021.[1]  To date, no responsive

---

[1] There are two docket entries for summonses. (Doc. 6, 9). The second was executed on August 18, 2021 but was not effectuated due to COVID-19. (Doc. 9). Even if the Court used the later date, Early Construction was required to answer by September 8, 2021, which it did not do.

pleading has been filed or served. On September 13, 2021, the Clerk properly entered default. (Doc. 11). On March 22, 2022, the Funds filed the pending second motion for default judgment. (Doc. 14).[2]

## II. STANDARD OF REVIEW

Applications for default judgment are governed by Fed. R. Civ. P. 55(b)(2). "Following the clerk's entry of default pursuant to Fed. R. Civ. P. 55(a) and the party's application for default under Rule 55(b), the complaint's factual allegations regarding liability are taken as true, while allegations regarding the amount of damages must be proven." *Wood v. Bronzie*, No. 1:20-CV-231, 2020 WL 4015247, at *1 (S.D. Ohio July 16, 2020) (quotation and citations omitted). To do so, the civil rules "require that the party moving for a default judgment must present some evidence of its damages." *Mill's Pride, L.P. v. W.D. Miller Enterprises, LLC*, No. 2:07-CV-990, 2010 WL 987167, at *1 (S.D. Ohio Mar. 12, 2010).

When considering damages, this Court is required to "conduct an inquiry in order to ascertain the amount of damages with reasonable certainty." *Osbeck v. Golfside Auto Sales, Inc.*, No. 07-14004, 2010 WL 2572713, at *4 (E.D. Mich. June 23, 2010). To ascertain a sum of damages, Rule 55(b)(2) "allows but does not require the district court to conduct an evidentiary hearing." *Vesligaj v. Peterson*, 331 F. App'x 351, 354-55 (6th

---

[2] The Funds' first motion (Doc. 12) and amended motion (Doc. 13) for default judgment shall be **terminated as moot**. The first motion and the amended motion seek additional damages and an order for an audit. According to the second motion (Doc. 14), the audit has occurred, and contributions paid. Additionally, the second motion only seeks default on Counts I and II, so the Court construes this as a voluntary dismissal of Counts III, IV, and V pursuant to Fed. R. Civ. P. 41(a). Counts III, IV, and V will be dismissed without prejudice.

Cir. 2009).  An evidentiary hearing is not required if the Court can determine the amount

of damages by computation from the record before it.  *HICA Educ. Loan Corp. v. Jones*,

No. 4:12 CV 962, 2012 WL 3579690, at *1 (N.D. Ohio Aug. 16, 2012).  The Court may

rely on affidavits submitted on the issue of damages.  *Wood*, 2020 WL 4015247, at *1

(citation omitted).

### III.    ANALYSIS

In this action arising under the Employee Retirement Income Security Act

("ERISA"), the Funds move for default judgment and an award of damages stemming

from Early Construction's failure to timely make contributions to the Funds pursuant to

collective bargaining agreements.  Because Early Construction defaulted, the Funds'

factual allegations in the complaint, except those related to damages, are deemed true.

Upon review of the record, the Court finds that default judgment is warranted.

Early Construction has made clear to the Court that it has no intention of defending this

action.  This is especially true given Early Construction started paying contributions

owed after the onset of the litigation.  (Doc. 14-1 at ¶ 10).  Based on the allegations in the

Complaint, which the Court accepts as true, and the evidence in support of the Funds'

motion, the Court finds that: (1) Early Construction untimely made payments of its

contributions owed to the Funds (*id*. at ¶¶ 47-62); (2) pursuant to the delinquency

procedures of the Funds, which applied to Early Construction, Early Construction failed

to pay liquidated damages and interest for its late payments (*id*. at ¶¶ 15-36); and

(3) Early Construction failed to submit to and pay for audits to verify compliance of its

contribution obligations (*id.* at ¶¶ 37-46).  With liability established, the Court must determine the extent of damages.

Here, the Funds seek $9,217.97 in damages, which includes liquidated damages, interest, and the cost of the audit.  In support of this amount, the Funds provide the declarations of Jessica Morrison, Supervisor, Trust Administration of the Funds.  (Docs. 13-1, 14-1).  According to Morrison, a third-party auditor reviewed records provided by Early Construction and determined Early Construction's owed contributions.  (Doc. 14-1 at ¶¶ 5-6).  The cost of the third-party audit totaled $1,861.00.  (*Id.* at ¶ 15).  After the audit, Early Construction "paid the delinquent contributions identified by the audit – however, liquidated damages and interest remain outstanding."  (*Id.* at ¶ 10).  Pursuant to the delinquency procedures and the late contributions, the Funds calculated liquidated damages and interest owed.  (*Id.* at ¶¶ 11-14).   The amount of liquidated damages and interested owed was $7,356.97.  (*Id.*)  Given the foregoing, the Court finds that Morrison's declarations and supporting documents with reasonable certainty show that the Funds are entitled to collect $9,217.97 in liquidated damages, interest, and cost of the audit from Early Construction.

The Funds also seek reasonable attorney fees, which are warranted pursuant to Section 502(g)(2) of ERISA, 29 U.S.C. § 1132(g)(2)(D).  "To determine reasonable attorney's fees, courts begin multiplying 'a reasonable hourly rate' with 'the number of hours reasonably expended on the litigation' to obtain what is 'known as the lodestar.'" *Arthur v. Robert James & Assocs. Asset Mgmt., Inc.*, No. 3:11-CV-460, 2012 WL

1122892, at *3 (S.D. Ohio Apr. 3, 2012) (quoting *Dowling v. Litton Loan Servicing LP*, 320 Fed. App'x. 442, 446 (6th Cir. 2009)). "Courts indulge a strong presumption that the lodestar represents a reasonable fee." *Id*. (quotations and citations omitted).

The Funds provide a declaration from counsel, Thomas Kendall, in support of reasonable attorney fees. (Doc. 13-2). Kendall provides a billing statement, detailing the number of hours each timekeeper worked, each timekeeper's rate, and a description of each task. In total, 38.4 hours were spent on the matter by all timekeepers, for a total billing of $7,963.00. Given the documents provided and the nature of the case, the Court concludes that the requested attorney fees are reasonable.

## IV.    CONCLUSION

Based on the foregoing,

1.    Plaintiffs' motion for default judgment (Doc. 14) is **GRANTED**.

2.    Judgment shall be entered in favor of Plaintiffs and against Defendant on Counts I and II of the Complaint. Counts III, IV, and V shall be dismissed without prejudice.

3.    Plaintiffs are **AWARDED** damages in the amount of $9,217.97 and reasonable attorney fees in the amount of $7,693.00 pursuant to 29 U.S.C. § 1132(g)(2)(D), for a total of $16,910.97.

4.    The Clerk shall enter judgment accordingly, whereupon this civil action is **TERMINATED** on the docket of this Court.

**IT IS SO ORDERED.**

Date:      9/1/2022                                             *s/Timothy S. Black*
                                                                Timothy S. Black
                                                                United States District Judge